ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 5 2010

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DENA KIER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-437-Y |
| | § | |
| JOE KEFFER, Warden,[1] | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Dena Kier, Reg. No. 43117-048, is a federal prisoner incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

---

[1] Joe Keffer replaced Elaine Chapman as Warden of FMC-Carswell and should be automatically substituted as Respondent. FED. R. CIV. P. 25(d). The clerk of court is directed to docket and change the designation of the Respondent accordingly.

## C. Procedural History

Kier is serving a 30-month term of imprisonment for her convictions in the District of Nevada, Reno Division, for possession of stolen mail and aiding and abetting in violation of 18 U.S.C. §§ 1708 and 2. (Resp't App., Exh. A, at 2) *United States v. Kier*, Criminal Docket No. 3:08-CR-045-LRH. Kier's projected release date with good time credit is September 14, 2011. (*Id.*) Pursuant to the Second Chance Act, Kier filed a request with the Bureau of Prisons (BOP) for 12-month placement in a residential re-entry center (RRC), also referred to as a community correctional facility or halfway house, under 18 U.S.C. § 3624(c)(1). It appears Kier has been evaluated twice by her Unit Manager, Juan Segovia, for RRC placement. (*Id.*, Exh. C, at 54-55) The government presents the declaration of Segovia, wherein he avers, in relevant part–

> 7. On July 29, 2010, I formally evaluated Ms. Kier for halfway house placement in accordance with the criteria of the Second Chance Act and the new June 24, 2010 RRC guidelines. I informed Ms. Kier that she would now be recommended for six months halfway house placement on the condition that she successfully complete the Non-Residential Drug Abuse Program. Ms. Kier previously declined to participate in the Residential Drug Abuse Program (RDAP), which would have allowed her to receive a reduction of her sentence up to a year. Ms. Kier was also informed that if she did not successfully complete the Non-Residential Drug Program, she would be recommended for 90 to 120 days of halfway house placement. In coming up with Ms. Kier's halfway house placement recommendation, I considered all of the factors in policy, the fact that she would not likely recommit an offense, her refusal to participate in the RDAP, and her family situation.
>
> 8. On November 14, 2008, the Assistant Director For Correctional Program Division and the General Counsel issued a memorandum addressing Inmate Requests of Transfer to Residential Reentry Centers. As indicated above, Ms. Kier was considered for appropriate halfway house placement on an individual basis and based on sound correctional judgment. Although Ms. Kier has been recommended for six month RRC placement, she will have to be examined by medical staff. Those staff members will then have to clear Ms. Kier for halfway house placement.

(*Id.*)

Kier attempted to seek administrative relief, to no avail. (*Id.*, Exh. A, at 2-3 This federal habeas corpus proceeding followed. Kier requests the court grant her twelve months' RRC placement because she has now completed all requirements and a RRC in California has an available place for her. (Pet'r Reply at 1)

## D. EXHAUSTION

Keffer asserts Kier's petition should be dismissed for failing to exhaust prison administrative remedies. (Resp't Resp. at 4-9) However, to require Kier to exhaust administrative remedies would more than likely be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

## E. DISCUSSION

Under former § 3624(c) and BOP policy and regulations, the BOP could exercise its discretion categorically to designate an inmate to community confinement limited to the last ten percent of the sentence being served, not to exceed six months. Under the Second Chance Act, Congress amended § 3624(c) to increase placement in a RRC up to twelve months of the final months of an inmate's term of imprisonment, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). The criteria includes: the resources of the facility; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence; and any pertinent policy statement issued by the Sentencing Commission.

The Act further required the BOP to enact new regulations and policies consistent with the amended statute. Toward that end, the BOP rescinded its former regulations contained in C.F.R. §§ 570.20 and 570.21, issued new regulations in §§ 570.20 through 570.22, wherein the BOP adopted the five-factor criteria in § 3621(b) in determining an inmate's pre-release RRC placement eligibility

3

on an individual basis and revised its policies to require the review of inmates by a unit team 17-19 months before their projected release date and limiting RRC placement beyond six months to inmates with unusual or extraordinary circumstances justifying such placement, provided the Regional Director concurs. (Resp't App., Exh. A-1 thru A-4, at 4-44)

It is well settled in this circuit that there is no constitutionally protected right of a convicted person to early release under § 3624. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Stewart v. Tombone*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *3 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Determining Kier's RRC placement based on the fact that she would not likely recommit an offense, her refusal to participate in the RDAP, and her family situation is a reasonable exercise of the Bureau's discretion, and prison officials' authority, under the statute and the relevant regulations and policies.

## II. RECOMMENDATION

Based on the foregoing, Kier's petition for writ of habeas corpus should be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 26, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 26, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October \_\_\_\_5\_\_\_\_, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE