```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
           FORT WORTH DIVISION

DENA KIER,                      §
     Petitioner,                §
                                §
VS.                             §   CIVIL ACTION NO.4:10-CV-437-Y
                                §
JOE KEFFER, Warden,             §
FMC-Carswell,                   §
     Respondent.                §
```

ORDER SUSTAINING OBJECTION AS TO ONE FINDING IN THE
MAGISTRATE JUDGE'S REPORT and, ALTERNATIVELY ADOPTING
<u>      MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS      </u>

In this action brought by petitioner Dena Kier under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 5, 2010; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 26, 2010.

The Court, after **de novo** review, concludes that respondent Kier's objections must be sustained on the limited basis that this Court rejects the finding that exhaustion of remedies would be futile, and determines that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of exhaustion, and alternatively, the Court concludes that the § 2241 petition should be denied, for the reasons stated in the magistrate judge's findings and conclusions.

Petitioner Dena Kier sought to receive from the Bureau of Prisons a 12-month placement in a Residential Reentry Center

(RRC),[1] under 18 U.S.C. § 3624(c)(1). Although Kier did not exhaust her administrative remedies, the magistrate judge, citing *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994), determined that to require Kier to exhaust would more than likely be futile. Respondent objects to that finding.

Under the Second Chance Act, the maximum allowable placement in a residential reentry center is 12 months.[2] Kier argues in her petition that exhaustion would be futile because "the BOP has taken a position that they are not placing anyone in an RRC for longer than six months despite the [Second Chance] Act granting all inmates the right to be considered for up to twelve months." (Petition at 15.) But Kier's futility argument has been rejected by several courts.[3] For the reasons stated by these courts, and for the reasons enunciated in the Respondent's objections at pages 4-9, the Court concludes that requiring Kier to complete exhaustion of remedies would not be futile, and she should be required to exhaust before seeking relief under § 2241.

Therefore, the Respondent's objections are partially sustained: the Court rejects the finding of the magistrate judge that requiring Kier to exhaust her administrative remedies would be futile. Otherwise the findings, conclusions, and recommendation of

---

[1] Formerly "Community Corrections Center (CCC)."

[2] 18 U.S.C.A. § 3624(c)(1)(West Supp. 2010); (Munguia Declaration, Exhibits A-1, A-2, and A-3.)

[3] *See e.g., Rivkin v. Tamez,* 351 Fed. Appx. 876, 2009 WL 3489428, at *2 (5th Cir. Oct. 29, 2009)(affirming dismissal of a § 2241 petition concerning RRC placement for failure to exhaust administrative remedies by another court of this district); *Garza v. Davis,* 596 F.3d 1198, 1204 (10th Cir. 2010) (finding that the BOP memoranda implementing the Second Chance Act indicate the BOP recognizes its authority to place inmates in an RRC for in excess of six months and "do not reflect any policy of categorical denial"); *Neal v. Bureau of Prisons,* No.5:09-CV-2, 2010 WL 532816, at *1 (E.D.Tex. Feb. 8, 2010)("this argument lacks merit because the Bureau of Prisons does consider individual requests for RRC placements in excess of six months.")

the magistrate judge are ADOPTED.

Kier's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of exhaustion.

Alternatively, Kier's petition under 28 U.S.C. § 2241 is DENIED.

SIGNED December 16, 2010.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE